# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 3:18-cr-179-J-32MCR

JAMES THOMAS BUTLER, II.

## **O R D E R**

This case is before the Court on Defendant James Thomas Butler, II's Second Motion to Suppress. (Doc. 72). On February 13, 2020, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 86) recommending that Butler's Second Motion to Suppress be denied. Butler filed objections to the Report and Recommendation, (Doc. 87), to which the Government responded, (Doc. 88).

While the Court is adopting the Report and Recommendation, it writes separately to state that, although law enforcement's actions were not unconstitutional, it would have been far better practice to get a warrant to forensically search Butler's cell phone.

In denying Butler's first motion to suppress, this Court found that Butler voluntarily gave FBI agents his cell phones and consented to their search. (Docs. 56; 66). In his Second Motion to Suppress, Butler argues that "[t]here is

no reasonable explanation as to why law enforcement could not have sought to obtain a search warrant to forensically search the . . . smartphone seized from Defendant . . . ." (Doc. 72 at 6). Butler contends that even though he consented to the search of his phone on May 2, 2018, law enforcement waited too long to perform the logical and physical extractions of the phone on June 26 and August 15, 2018, respectively. (Docs. 72; 86 at 7, 17).

"[T]he ultimate touchstone of the Fourth Amendment is reasonableness[,]" and "where a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, reasonableness generally requires . . . a judicial warrant." Riley v. California, 573 U.S. 373, 382 (2014) (alterations adopted) (quotations and citations omitted) (quoting Brigham City v. Stuart, 547 U.S. 398, 403 (2006), and Vernonia School Dist. 47J v. Acton, 515 U.S. 646, 653 (1995)). "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." Id. (citing Kentucky v. King, 563 U.S. 452, 460–61 (2011)). "It is . . . well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973).

Under Fourth Amendment jurisprudence, cell phones are unique. See Riley, 573 U.S. at 393–94. Unlike other objects seized, a cell phone requires separate authorization to search its contents. See id. at 401–02. In Riley, the

Supreme Court found that because of the magnitude of personal information stored on cell phones, law enforcement would be required to obtain a warrant to search a cell phone lawfully seized incident to arrest. Id. However, this does not mean a warrant is always required; "other case-specific exceptions may still justify a warrantless search of a particular phone." Id.; see also United States v. Thomas, 818 F.3d 1230, 1242 (11th Cir. 2016) (finding that Riley did not restrict searches by consent). Here, Butler consented to the FBI searching his phone on May 2, 2018. The question is: did his consent to search extend eight and fifteen weeks later when the FBI initiated its searches?

"The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?" Florida v. Jimeno, 500 U.S. 248, 251 (1991). Thus, "there is no precise timeframe to complete a warrantless search." United States v. Casellas-Toro, 807 F.3d 380, 391 (1st Cir. 2015) (finding a 21-day delay between consent and law enforcement's search of a car as reasonable).

Most cases discussing post-seizure delay involve delays between a seizure based on probable cause and law enforcement obtaining a search warrant. See, e.g., Thomas v. United States, 775 F. App'x 477, 491 (11th Cir. 2019) (finding that a thirty-three day delay between seizing a computer and obtaining a search warrant did not violate the Fourth Amendment); United States v. Burrows, No.

3

CR 212-001, 2012 WL 4848994, at *6 (S.D. Ga. Oct. 11, 2012), aff'd, 564 F. App'x 486 (11th Cir. 2014). "[W]hen determining whether a delay renders a seizure unreasonable under the Fourth Amendment, we evaluate the totality of the circumstances presented by each case." United States v. Laist, 702 F.3d 608, 613 (11th Cir. 2012). The Eleventh Circuit, under somewhat different circumstances, identified relevant factors in determining whether a post-seizure delay is unreasonable:

> [F]irst, the significance of the interference with the person's possessory interest, see [United States v. Mitchell, 565 F.3d 1347, 1351 (11th Cir. 2009)]; second, the duration of the delay, see [United States v. Place, 462 U.S. 696, 709 (1983)] (characterizing the "brevity" of the seizure as "an important factor"); third, whether or not the person consented to the seizure, see United States v. Stabile, 633 F.3d 219, 235 (3d Cir. 2011); and fourth, the government's legitimate interest in holding the property as evidence, see [United States v. Burgard, 675 F.3d 1029, 1033 (7th Cir. 2012)].

Id. at 613–14. As several courts have pointed out, whether a suspect consents to the search of his seized-item is significant. See, e.g., United States v. Emanuel, No. 1:09-cr-393-CAP-LTW, 2010 WL 11507306, at *9 (N.D. Ga. Apr. 19, 2010) (explaining that the officers did not need a warrant because the defendant had consented to a search of the computer), report and recommendation adopted, No. 1:09-cr-393-CAP-LTW, 2010 WL 11520592 (N.D. Ga. June 3, 2010). In such situations, a court can also consider whether the

4

defendant attempted to withdraw his consent or if he was prejudiced by the delay. United States v. White, 617 F.2d 1131, 1134 (5th Cir. 1980).[1]

Here, only the second factor—the length of the delay—favors Butler. See Laist, 702 F.3d at 613–14. The remaining factors demonstrate that the delay was not so unreasonable as to violate the Fourth Amendment. Id. Butler's possessory interest in the phone was minimal, see Doc. 86 at 17–19 (compiling cases), he never revoked his consent to the search, id. at 14–16, and the Government had a legitimate interest in keeping the phone because Butler had admitted to using it to view pornography, Doc. 56 at 18; see also United States v. Whaley, 415 F. App'x 129, 135 (11th Cir. 2011) (in determining that the delay was not unreasonable, the court found relevant that the officers knew the seized hard drive contained child pornography). Although the length of time between the seizure here and the phone's search was long, other courts have found that longer delays did not violate the Fourth Amendment. (Doc. 86 at 20 (compiling cases)); see also, e.g., United States v. Conrad, No. 3:12-cr-134-J-34TEM, 2013 WL 4028273, at *11 (M.D. Fla. Aug. 7, 2013) (finding that a five month delay in searching a computer seized under a warrant did not violate the Fourth Amendment); Emanuel, 2010 WL 11507306, at *9 (finding that a more than

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

5

month long delay in searching, and eleven month delay in analyzing seized computer was not unreasonable because defendant consented to the search, never revoked consent, and that a preview of the computer revealed evidence that a crime had occurred). After consenting to the seizure and search of the cell phone, Butler never requested that it be returned. Indeed, outside of the phone revealing potentially incriminating evidence, Butler has not demonstrated that the delay caused him any prejudice. White, 617 F.2d at 1134. Ultimately, there was no Fourth Amendment violation.

However, this case falls within the outer bounds of what is reasonable. Even though Butler consented to a search of his phone, law enforcement should have nonetheless obtained a warrant after the passage of such a long time, especially given that this was a forensic search of a cell phone. See Riley, 573 U.S. at 393–94. Law enforcement possessed the cell phone, time was not of the essence, and any further delay to obtain a warrant would not have impeded the investigation.[2] As the Supreme Court has frequently said, when in doubt, "get a warrant." E.g., Riley, 573 U.S. at 403.

Upon de novo review of the file and for the reasons stated in the Report and Recommendation (Doc. 86), it is hereby

---

[2] In seeking a warrant, law enforcement may have had to explain the delay in conducting the forensic examination. However, assuming that explanation was satisfactory and probable cause was otherwise established, that would not have prevented the issuance of a warrant.

6

**ORDERED:**

1. Defendant James Thomas Butler, II's Objections to the Report and Recommendation (Doc. 87) are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 86), as supplemented herein, is **ADOPTED** as the opinion of the Court.

3. Butler's Second Motion to Suppress (Doc. 72) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 24th day of March, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

jjb
Copies to:

Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of record