# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 3:18-cr-179-TJC-MCR

JAMES THOMAS BUTLER, II

## ORDER

On October, 10, 2018, James Thomas Butler, II was indicted on two counts: (Count I) inducing, persuading, coercing, etc., Minor 1 (a relative of Butler), to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct in violation of 18 U.S.C. §§ 2251(a) and (e); and (Count 2) possession of a Samsung Galaxy S7 Edge cellular telephone ("Samsung smartphone") bearing the embossed inscription "DESIGNED & ENGINEERED BY SAMSUNG MANUFACTURED IN VIETNAM" and containing visual depictions (i.e. numerous images and videos) of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). See Docs. 19 at 1–2; 120 at 1. Butler pleaded not guilty. Doc. 22.

The present issues before the Court are whether Butler's prior child molestation convictions are admissible under Federal Rules of Evidence 414(a) and 404(b)(2), see Docs. 50; 95, and whether the trade inscription affixed to defendant's Samsung smartphone is self-authenticating as to origin of

manufacture and admissible at trial, see Doc. 120. At the June 8, 2021 status conference, the record of which is incorporated herein, the parties presented their arguments on these issues. See Doc. 123.

## I.   DISCUSSION

### A.   Admissibility of Prior Convictions

In 2001, Butler was found guilty and convicted of one count of attempted capital sexual battery in violation of § 777.04(1), FL. STAT., and one count of lewd or lascivious molestation in violation of § 800.04(5)(B), FL. STAT. See Docs. 34 at 1; 34-1. The victim of Butler's sexual battery was a five- or six-year old relative. Doc. 1 at 7. As a result of the 2001 convictions, Butler, under Florida law, is registered as a sexual predator. See Doc. 34 at 2.

In its First Notice of Intention to Use Evidence of Similar Crimes (Doc. 50), the Government states that it plans to use evidence of Butler's 2001 state law child molestation convictions "to show defendant's propensity to commit the child pornography crime charged, as well as his prurient sexual interest in children, motive, intent, plan, and lack of mistake or accident." Doc. 50 at 3. Butler objects and seeks to exclude the evidence, arguing that Rules 404(b)(2) and 414(a) are inapplicable and that the prior convictions should be excluded under Rule 403 due to the prejudicial nature of the evidence, see Doc. 95.

Under Federal Rule of Evidence 404(b)(1), "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that

2

on a particular occasion the person acted in accordance with the character."[1] FED. R. EVID. 404(b)(1). However, such evidence may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2).

Rule 414 provides an exception to Rule 404(b)'s exclusion of propensity evidence:

> [Under Rule 414,] when a criminal defendant is accused of child molestation—<u>including child-pornography crimes</u> under 18 U.S.C. chapter 110—the court may admit evidence that the defendant committed any other child molestation. FED. R. EVID. 414(a), (d)(2)(B). <u>The evidence can be used for any purpose for which it is relevant, including the defendant's propensity to commit such offenses.</u>

United States v. Splettstoeszer, 956 F.3d 545, 547 (8th Cir. 2020) (emphasis added) (internal quotation marks omitted); see also United States v. Brimm, 608 F. App'x 795, 798 (11th Cir. 2015) ("Rules 413 and 414 permit the introduction of propensity evidence and thus contain exceptions to Rule 404(b)'s general ban on propensity evidence in 'sexual assault' and 'child molestation' cases."). In other words, "Rule 414(a) explicitly permits the jury to infer from a defendant's prior acts of molestation that he was more likely to have committed the act of

---

[1] Under Rule 404(a)(1), "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

3

molestation of which he stands accused," and "removes Rule 404(b)(1)'s propensity bar . . . for . . . acts of 'child molestation' . . . ." United States v. Joubert, 980 F. Supp. 2d 47, 50–51 (D. NH. 2013).

Nevertheless, under Rule 403's balancing test, evidence admissible under Rule 414(a) may still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See United States v. Carino, 368 F. App'x 929, 930 (11th Cir. 2010). However, the "fact that evidence 'may be highly prejudicial' does not necessarily mean that it is 'unfairly prejudicial.'" United States v. Schaffer, 851 F.3d 166, 182 (2d Cir. 2017) (quoting United States v. Davis, 624 F.3d 508, 512 (2d Cir. 2010)).

The Court commences with the Rule 414 analysis. Here, Butler is charged under 18 U.S.C. chapter 110 with sexual exploitation of Minor 1 in violation of § 2251(a) and possession of child pornography in violation § 2252(a)(4)(B), see Doc. 19 at 1–2. Contrary to Butler's assertions, see Doc. 95 at 1, the offenses which he stands accused of are child molestation offenses as defined in Rule 414, see FED. R. EVID. 414(a), (d)(2)(B) ("Child Molestation" is defined to include "any conduct prohibited by 18 U.S.C. chapter 110."). Thus, the evidence of his 2001 child molestation charges are admissible under Rule 414. See United States v. Baker, 680 F. App'x 861, 866 (11th Cir. 2017) (affirming the district court's admission of

a prior guilty plea relating to lewd and lascivious conduct charges under Rule 414 in a child pornography case); see also United States v. Huntoon, 796 F. App'x 362, 364 (9th Cir. 2019) (finding that the district court properly admitted a prior child molestation conviction under Rule 414(a) and stating, "[The Ninth Circuit] has held that prior child molestation convictions can be relevant to child pornography charges . . . ."). The age of the convictions does not alter this decision. See United States v. Bull, 32 F. App'x 778, 779 (8th Cir. 2002) ("[The Eighth Circuit] ha[s] previously rejected the argument that even a twenty-year passage of time precludes the admission of prior sexual-abuse incidents under Rule 413 or 414.").

As for Rule 403, the evidence of the 2001 child molestation convictions has substantial probative value. It tends to show that Butler had a deviant sexual attraction to young girls and motive to commit crimes involving the sexual exploitation of children, and that he intended to produce sexually explicit content of a minor. Undoubtably, this evidence is also prejudicial. However, the admission of Butler's 2001 child molestation convictions does not create a risk of unfair prejudice that substantially outweighs the evidence's probative value, which is the relevant inquiry here. See United States v. Cooper, 433 F. App'x 875, 877 (11th Cir. 2011) (finding, under Rule 403, evidence of defendant's prior convictions for child molestation "highly probative because it tended to show that the [sic] [defendant] intentionally downloaded child pornography, that he knew

5

the images were child pornography, and that he had not mistaken them for anything other than that."); United States v. Bailes, 665 F. App'x 340, 341–42 (5th Cir. 2016);[2] United States v. Bentley, 561 F.3d 803, 815 (8th Cir. 2009) ("Because propensity evidence is admissible under Rule 414, the [simple] fact that evidence of prior acts suggests a propensity to molest children is not unfair prejudice.") (emphasis in original; internal quotations omitted); Joubert, 980 F. Supp. 2d at 50 ("Rule 414 evidence 'cannot be excluded under Rule 403 simply because it tends to show that the defendant has a propensity to commit a sex offense[.]'") (quoting United States v. Loughry, 660 F.3d 965, 970 (7th Cir. 2011)).

---

[2] The Fifth Circuit's reasoning in Bailes is informative:

> The evidence [of the defendant's prior sexual abuses of his prepubescent daughters] was admissible under Federal Rule of Evidence 414, and its probative value was not substantially outweighed by the danger of unfair prejudice. See FED. R. EVID. 403(b), 414(a). The evidence reflected [the defendant]'s deviant sexual attraction to young girls and his motive to commit crimes involving the sexual exploitation of children; the evidence was probative as to whether the child pornography found on his computer devices—which depicted acts similar to his conduct with his daughters—was knowingly possessed by him or placed there by mistake, accident, or someone else. See United States v. Caldwell, 586 F.3d 338, 345–46 (5th Cir. 2009). Further, the evidence was probative as to the charge that he made videos of [the minors] engaging in sexual acts because it was consistent with, and indicative of, the conduct depicted in the videos and suggested his intent to translate his sexual exploitation of [the minors] to the production of child pornography involving them. See United States v. Hitt, 473 F.3d 146, 159 (5th Cir. 2006).

665 F. App'x at 341–42.

6

In reaching this conclusion, the Court takes into consideration the Government's representation at the status conference that it only intends to introduce the fact of Butler's prior convictions through the judgment (Doc. 34-1) and does not plan to delve further into the details of the conviction. If asked, the Court may also tender a limiting instruction regarding the Rule 414(a) evidence to guard against any misuse of the evidence by the jury. See, e.g., United States v. McHorse 179 F.3d 889, 903 (10th Cir. 1999) (approving of the district court's limiting instruction regarding admitted Rule 414(a) evidence); see also United States v. Hensley, 982 F.3d 1147, 1158 (8th Cir. 2020).

Because the prior convictions are admissible under Rule 414(a), the Court need not reach the issue of their admissibility under Rule 404(b)(2). Nonetheless, for similar reasons, the evidence of the prior convictions would be admissible under Rule 404(b)(2). See United States v. Levinson, 504 F. App'x 824, 828 (11th Cir. 2013) (admitting "evidence of [the defendant's] 1998 conviction and alleged sexual abuse of his daughter . . . under both Rule 404(b) and Rule 414" in a 18 U.S.C. § 2422(b) prosecution). Accordingly, Defendant's objections to the Government's introduction of his 2001 prior convictions at trial are due to be overruled.

**B.     Admissibility of the Samsung Smartphone Trade Inscription**

In its Motion in Limine Regarding Admissibility of Trade Inscription (Doc. 120), the Government seeks permission to introduce at trial the

"MANUFACTURED IN VIETNAM" inscription on Butler's Samsung smartphone as evidence that the device was manufactured outside of the United States.³ That is because the Government must prove that the depictions of the alleged child pornography were produced using materials (e.g., the Samsung smartphone) that were mailed or shipped across state lines or in foreign commerce. See § 2251(a); § 2252(a)(4)(B); see also Davis, 624 F.3d at 513 ("[S]ection 2251(a) contains three clauses to indicate how the jurisdictional element of the statute may be satisfied . . . . The second clause specifies that the visual depiction was produced or transmitted using materials that have been mailed or shipped in interstate commerce."). As the Court stated at the status conference, under Federal Rules of Evidence 902(7) and 807, the "MANUFACTURED IN VIETNAM" inscription on Butler's Samsung smartphone is self-authenticating as to the device's origin and does not require additional extrinsic evidence for its admission into evidence at trial. See United States v. Burdulis, 753 F.3d 255, 263 (1st Cir. 2014) (affirming the district court's admission of a "Made in China" inscription on a thumb drive under Rules 902(7) and 807 in a child pornography case); United States v. Fain, No. 3:18-cr-232-J-39MCR, Order on Motion in Limine (Doc. 49) (M.D. Fla. Oct. 18, 2019) (allowing

---

³ Butler objected to the motion at the status conference, but did not file a response.

the Government to introduce a "Made in China" inscription on a USB Drive containing images of child pornography in a § 2252(a)(4)(B) prosecution).

Accordingly, it is hereby

**ORDERED:**

1. Defendant James Thomas Butler, II's Objection to the United States' Notice of Intention to Use Evidence of Similar Crimes (Doc. 95) is **OVERRULED**.

2. The United States' Motion <u>in</u> <u>Limine</u> Regarding Admissibility of Trade Inscription (Doc. 120) is **GRANTED**.

**DONE AND ORDERED** in Jacksonville, Florida the 22nd day of July, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

tn
Copies:

Counsel of record