**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.  Case No. 3:18-cr-179-TJC-MCR

JAMES THOMAS BUTLER, II

## O R D E R

This case, in which Defendant James Thomas Butler, II is charged with sexual exploitation of a minor in violation of 18 U.S.C. §§ 2251(a) and (e) and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Doc. 19 at 1–2), is before the Court on Defendant's Motion in Limine to Preclude 2017 Beach Video (Doc. 112). The United States responded in opposition to the motion. (Doc. 113). The Court held a hearing on August 12, 2021, the record of which is incorporated by reference (Doc. 129), wherein the Court heard additional arguments from the parties and reviewed the video in open court. Following the hearing, the United States filed a Notice Regarding Content of October 15, 2017 Beach Video. (Doc. 127).

The October 2017 video, which Butler recorded on his smart phone, includes footage of Butler and a fourteen-year-old ("Minor 1") at the beach. (Doc. 112 at 1–2). Minor 1 is wearing a two-piece swimsuit and is clearly intoxicated. Id.; Doc. 113 at 2. Butler argues that the video is extrinsic to the charges in this

case, which concern video images of Minor 1 in her bedroom from January 2018 to April 2018. (Doc. 112 at 1). He claims that the video is inadmissible under Federal Rules of Evidence 403 and 404. Id. at 3. Additionally, Butler is wearing a GPS ankle monitor in part of the video because he was on sex offender probation at the time. Id. at 2; Doc. 113 at 3. He claims that allowing the jury to see the GPS ankle monitor would imply that he had been convicted of an unrelated crime, which is improper. (Doc. 112 at 2).

The United States argues that the video is admissible under Federal Rules of Evidence 414 and 404(b) and emphasizes that Butler orients the video several times to focus on Minor 1's breasts and pubic area. (Doc. 113 at 2, 4). According to the United States, the fact that Minor 1 wears a swimsuit "does not preclude this video from being evidence of the production and attempted production of child pornography." Id. at 4.

"In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). Thus, the video's admissibility hinges on whether it constitutes evidence that Butler committed "other child molestation." "Child molestation" means "any conduct prohibited by 18 U.S.C. chapter 110," which includes 18 U.S.C. § 2251. Fed. R. Evid. 414(d)(2)(B). Section 2251 provides that:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e), . . . if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Section 2251(a) does not require that the visual depiction contain nudity to constitute a depiction of sexually explicit conduct. "Sexually explicit conduct" includes "lascivious exhibition of the . . . genitals, or pubic area of any person[,]" 18 U.S.C. § 2256(2)(A), and a "lascivious exhibition" is one that "excites sexual desires or is salacious." United States v. Holmes, 814 F.3d 1246, 1252 (11th Cir. 2016) (quoting United States v. Grzybowicz, 747 F.3d 1296, 1305–06 (11th Cir. 2014)).

The Third Circuit has said that the child pornography statute "contains no nudity or discernability requirement" and that "non-nude visual depictions . . . can qualify as lascivious exhibitions[.]" United States v. Knox, 32 F.3d 733, 737 (3d Cir. 1994). The court further noted that "exhibition" should be interpreted alongside "lascivious" to mean "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." Id. at 745. Other courts have reached similar conclusions. See, e.g., United States

3

v. Price, 775 F.3d 828, 837–38 (7th Cir. 2014) (observing that "[t]here is no nudity requirement in the statutory definition of 'sexually explicit conduct,' of which 'lascivious exhibition of the genitals or pubic area' is a part," in § 2256(2)(A)); United States v. Williams, 444 F.3d 1286, 1299 (11th Cir. 2006) (stating that "pictures needn't always be 'dirty' or even nude depictions to qualify" as "lascivious exhibition of the genitals or pubic area"); United States v. Carroll, 190 F.3d 290, 298 n.7 (5th Cir. 1999) (citing Knox and noting that "[l]ascivious exhibition of the genital or pubic area does not require full or partial nudity").

Additionally, several circuits use the Dost factors to assist in determining "whether a visual depiction of a minor constitutes a 'lascivious exhibition of the genitals or pubic area.'" United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986), aff'd sub nom. United States v. Wiegand, 812 F.2d 1239 (9th Cir. 1987), and aff'd, 813 F.2d 1231 (9th Cir. 1987); see also Shoemaker v. Taylor, 730 F.3d 778, 785 (9th Cir. 2013) (collecting cases from circuits that use the Dost factors). The Eleventh Circuit has not formally adopted the Dost factors. Grzybowicz, 747 F.3d at 1306 n.8 ("Deciding whether the Dost factors should be part of the law of our circuit is unnecessary in this case.").[1] Still, the Dost factors are instructive here. They include:

---

[1] The Dost factors are, however, used in the Eleventh Circuit Pattern Jury Instructions for "Sexual Exploitation of Children, Producing Child

> (1) [W]hether the focal point of the visual depiction is on the child's genitalia or pubic area;
> (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
> (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
> (4) whether the child is fully or partially clothed, or nude;
> (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
> (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

Dost, 636 F. Supp. at 832. The Dost court further explained that "a visual depiction need not involve all of these factors to be a 'lascivious exhibition of the genitals or pubic area,'" as that "determination will have to be made based on the overall content of the visual depiction, taking into account the age of the minor." Id.

Considering the totality of the circumstances, portions of the video here are "lascivious exhibition." Additionally, while the content of the video is not identical to the conduct for which Butler is charged, it is of the same minor victim, is sufficiently similar, and was filmed only three months prior to the charged conduct. (Doc. 112 at 1). In the video, Minor 1 is intoxicated and only partially clothed, wearing a two-piece bathing suit. (Doc. 113 at 2). During eight distinct segments of the video, the focal point is Minor 1's genital or pubic area.

---

Pornography" for violation of 18 U.S.C. § 2251(a). See 11th Cir. Pattern Jury Instr. (Crim.) 82 (2020).

(Doc. 127 at 2). Though the video does not contain complete nudity, these portions constitute "lascivious exhibition" that amounts to "sexually explicit conduct" in a visual depiction prohibited under § 2251(a). See 18 U.S.C. § 2256(2)(A). Thus, they are admissible under Rule 414(a) as "evidence that the defendant committed any other child molestation."[2]

Nevertheless, under Rule 403's balancing test, evidence admissible under Rule 414(a) may still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See United States v. Carino, 368 F. App'x 929, 930 (11th Cir. 2010). However, the "fact that evidence 'may be highly prejudicial' does not necessarily mean that it is 'unfairly prejudicial.'" United States v. Schaffer, 851 F.3d 166, 182 (2d Cir. 2017) (quoting United States v. Davis, 624 F.3d 508, 512 (2d Cir. 2010)). The video need not be excluded under Rule 403. The video has significant probative value due to its content and temporal proximity to the charged conduct, and its probative value is not "substantially outweighed by . . . unfair prejudice[.]" Fed. R. Evid. 403.

---

[2] Alternatively, the video is also admissible under Rule 404(b)(2) for the purpose of showing absence of mistake or lack of accident in relation to the conduct charged.

Because most of the video does not display lascivious activity, the Court considered whether to allow only excerpts to be shown. Moreover, because the audio is potentially disturbing, but not necessarily relevant, the Court also inquired as to whether the video should be shown without audio. The United States did not object to these limitations. Butler, however, insists that if the Court admits any portion of the video, it must admit the entire video, including audio.[3] The Court therefore admits the entire video including audio, with the exception of the portions in which Butler is shown wearing a GPS ankle monitor.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion in Limine to Preclude 2017 Beach Video (Doc. 112) is **GRANTED in part** and **DENIED in part**. The United States must exclude the portions of the video that show Butler's GPS ankle monitor to avoid undue prejudice; the video is otherwise admissible at trial.

---

[3] In his motion in limine, Butler argues that the jury may improperly infer from the video that he provided alcohol to an underage minor, which is a separate, unrelated crime. (Doc. 112 at 2). The Court offered to limit the portions of the video the jury views to minimize the risk of any prejudice to Butler, but Butler prefers that the video be admitted in its entirety if any portion is allowed. The risk of an inference that Butler provided alcohol to a minor is not grounds for exclusion of the entire video when it is otherwise admissible.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of October, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

tnm
Copies:

David Rodney Brown, AUSA
Mitchell A. Stone, Esquire
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant